Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California
707-318-9929
ronc2009@gmail.com
Plaintiff In *Pro Se*

FILED

SEP 04 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Cupp<br><br>    Plaintiff,<br><br>vs.<br><br>TA FINTECH, INC.<br><br>    Defendant. | ) CASE NO: **CV25    7479**<br>)<br>)                                **TSH**<br>)<br>) COMPLAINT FOR DAMAGES<br>) 47 USC § 227 *et seq.*<br>)<br>)<br>)<br>)<br>) DEMAND FOR TRIAL BY JURY<br>)<br>) |

### INTRODUCTION AND OPENING STATEMENT

This is an action for damages brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC Sec. 227 *et seq,* 47 USC § 227(b)(1)(A), 47 USC § 227(b)(1)(A)(iii).

Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to sell and/or harass, by phone and text, to his emergency cell phone without prior written consent.

COMPLAINT FOR DAMAGES                                                    Page 1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental claims pursuant to 28 U.S.C. §1367.

2.      Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

3.      Plaintiff, Ronald Cupp, hereinafter ("Plaintiff"), is a natural person and is a resident of the State of California, mailing address at 150 Raley Town Center Ste 2512, Rohnert Park, California 94928.

4.      Upon information and belief Defendant, Defendant TA Fintech, Inc[1]. (also known as "Trade Algo") is a corporation organized under the laws of the State of Delaware. The company was incorporated in Delaware on September 24, 2021. Its principal places of business are 401 Park Avenue South, 10th Floor, Suite 202, New York, NY 10016 and 9 East Loockerman Street, Suite 202, Dover, Delaware 19901. : with SPIEGEL & UTRERA, P.A., 9 East Loockerman St, Ste 202, Dover, DE 19901, as Agent for Service of Process.

## FACTUAL ALLEGATIONS

5.      Plaintiff Ronald Cupp is an individual consumer.

6.      On information and belief, Defendant is a national sales organization of securities trading and training for others under the name of Trade Algo and Trade GPT, its primary business is, on information and belief, selling memberships for themselves and others. TA

---

[1] *TA Fintech, Inc. is not affiliated with the entities known as TA Partners or TA Associates.*

Fintech, Inc. develops and offers software-as-a-service (SaaS) based financial market data analytics to retail investors and financial professionals.

7. The FCC has ruled that the TCPA prohibition "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." In 2016, the Supreme Court endorsed this view, holding that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." Any further mention of a call in this complaint also includes or synonymous with text or SMS.

8. From April 20, 2024, thru May 16, 2024, Defendant violated the TCPA by texting and calling Plaintiff 97 times using automatic telephone dialing system on Plaintiffs emergency cell phone 707-318-9929, with no prior express consent or permission given by Plaintiff.

9. Plaintiff does not know at this time if he had unknowingly originally given any permission to contact Plaintiff but does not believe he has. When contacted by Defendant, Plaintiff immediately revoked any perceived consent, thru emails, calls, and texts from Defendant, plaintiff has instructed (Luke Russell) through Email, phone (Rob, Seth, and another man), and by calling Corporate Office in New York and the Agent in DE. to stop calling and texting. Plaintiff was told verbally and through text messages that he would be removed from the 'call list'. But call/text continued to bombard Plaintiff.

10. The TCPA provides that it is "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 27(b)(1)(A)(iii). "The term 'automatic telephone dialing system' means equipment which has the *capacity*-(A) to store or

COMPLAINT FOR DAMAGES

produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

11.    The TCPA's requirement of consent for calls made with an ATDS does not focus on how the device produced, stored, or dialed the particular telephone number that was called, but rather requires that the device have the "capacity—(A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12.    There is no question of did Defendant call/text Plaintiff. Plaintiff has screen shots of the incoming calls and text messages. Defendant cannot deny it.

13.    Callers have a continuing responsibility to check the accuracy of their records to avoid inadvertently calling mobile numbers. Gager v. Dell Fin. Servs., L.L.C., 727 F.3d 265, 273 n.6 (3d Cir. 2013); Breslow v. Wells Fargo Bank, 857 F. Supp. 2d 1316, 1322 (S.D. Fla. 2012) Companies who make automated calls bear the responsibility of regularly checking the accuracy of their account records"), *aff'd*, 755 F.3d 1265 (11th Cir. 2014); *In re* Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 19 F.C.C. Rcd. 19215, 19219–19220, at ¶ 11 (F.C.C. Sept. 21, 2004) (***declining to extend safe harbor provisions to calls made erroneously or inadvertently to wireless numbers***).

14.    On May 6, 2024 Plaintiff sent to Defendant via certified mail a notice of intention to commence action (certified mail # 9589 0710 5270 1519 0568 82) for the Defendants actions, asking if they have prior express consent. Defendant has not responded. Defendant has called or texted many times after Plaintiff sent the notice of intention to commence action.

15.    Plaintiff has called Defendant on the phone to demand they stop to no avail.

16.    Plaintiff has standing pursuant to Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants' actions described herein, and Plaintiff's injury in fact is likely to be redressed by a favorable judicial decision in this court.

17.    Plaintiffs' injury is in fact both particular and concrete because they have suffered an invasion of a legally protected interest that is concrete because, particularized and actual or imminent. By way of example, Plaintiff has spent a tremendous amount of time and energy to research Defendants, the  TCPA. Defendant acted with the willful and malicious intent to injure and cause harm to Plaintiff.  Plaintiff is entitled to treble damages due to the knowledge of Plaintiff calling to stop violating the TCPA and Defendant continuing to do so.

18.    Upon information and belief, as cited in the Supreme Court Decision, "The irreducible constitutional minimum of standing consists of three elements: injury in fact, causation, and redressability. (See Lujan v. Defendants of Wildlife, 504 U.S. 555, 560-1, 112 S. Ct 2130, 119 L.Ed.2d 351 (1992)).

**COUNT I**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT 47 U.S.C. §227 and §227(b)(1)(A)(iii)**

19.    Plaintiff alleges and incorporates the information in the previous paragraphs.

20.     47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

21.    Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

22.    Defendant has committed 97 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to treble damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

23.    Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A). The calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional, and defendant is a National Financial Sales Firm which knew or should have known they were violating the 'willful' portion of this statute. Courts have held that, in order to show a willful or knowing violation of the TCPA, the plaintiff need only show that the defendant willfully or knowingly committed the act that violated the TCPA. This is consistent with the FCC's interpretation, which is that "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation. Defendant continuing to text Plaintiff several times after Plaintiff sent the intent to commence action letter.

24.    Plaintiff has never given Defendant permission to call Plaintiffs cell phone.

25.    Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant,

a.    actual or statutory damages, ($500 per call).

b.    punitive (treble) damages to be determined at trial of $1,500 per call.

COMPLAINT FOR DAMAGES                                                                Page 6

c. attorney's fees.

d. costs.

e. other things this court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this third day of September, 2025.

/S/ RONALD CUPP

_____

Ronald Cupp
Plaintiff In Pro Per

COMPLAINT FOR DAMAGES