UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD CUPP,

          Plaintiff,

    v.

TA FINTECH, INC.,

          Defendant.

Case No. 25-cv-07479-TSH

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

Re: Dkt. No. 24

## I.    INTRODUCTION

Plaintiff Ronald Cupp brings this case against Defendant TA Fintech, Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq.  Pending before the Court is Defendant's Motion to Set Aside Default.  ECF No 24.  Plaintiff filed an opposition (ECF No. 25) and Defendant filed a reply (ECF No. 26).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the February 12, 2026 hearing.  Civ. L.R. 7-1(b).  For the reasons stated below, the Court **GRANTS** the motion.

## II.    BACKGROUND

Plaintiff is a resident of Rohnert Park, California.  Compl. ¶ 3, ECF No. 1.  Defendant is a Delaware corporation, and its registered agent is Spiegel & Utrera, P.A., located at 9 East Loockerman St., Ste. 202, Dover, Delaware 19901.  Cruz Decl. ¶ 2, ECF No. 24-1.  Defendant is a national sales organization of securities trading and training for others under the name of Trade Algo and Trade GPT.  Compl. ¶ 6.  Its primary business is selling memberships for themselves and others.  *Id.*

Plaintiff alleges that from April 20 through May 16, 2024, Defendant violated the TCPA by texting and calling him "97 times using automatic telephone dialing system on Plaintiffs [sic] emergency cell phone 707-318-9929, with no prior express consent or permission given by Plaintiff." *Id.* ¶ 8; Cupp Decl. ¶ 3, ECF No. 11. Plaintiff "immediately revoked any perceived consent, thru emails, calls, and texts from Defendant, plaintiff has instructed (Luke Russell) through Email, phone (Rob, Seth, and another man), and by calling Corporate Office in New York and the Agent in DE. to stop calling and texting." Compl. ¶ 9. He states he "was told verbally and through text messages that he would be removed from the 'call list'. But call/text continued to bombard Plaintiff." *Id.*

On May 6, 2024, Plaintiff sent to Defendant "via certified mail a notice of intention to commence action," but Defendant did not respond. *Id.* ¶ 14. Plaintiff filed this case on September 4, 2025. He brings one claim for violation of the TCPA, 47 U.S.C. § 227(b). Compl. ¶¶ 19-25.

On September 8, 2025, Plaintiff filed a certificate of service, indicating Defendant had been served at its 9 East Loockerman Street address in Delaware. ECF No. 5. After Defendant failed to respond, Plaintiff moved for entry of default, ECF No. 6, and the Clerk entered Defendant's default on October 15, 2025, ECF No. 7. On October 17, 2025, Plaintiff filed a motion for default judgment, which remains pending. ECF No. 11.

Defendant filed the present motion on January 2, 2026.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). This standard is disjunctive and a "finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

2

(quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## IV.   DISCUSSION

### A.    Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (cleaned up, emphasis in original).  In this context, "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* at 1092-93 (cleaned up); *see also TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001) (The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."), *overruled on other grounds, Egelhoff v. Egelhoff ex. rel. Breiner,* 532 U.S. 141 (2001)).

Plaintiff argues Defendant's culpable conduct caused the default because he served Defendant's registered agent in Delaware and Defendant's officer in New York, yet Defendant failed to respond.  Opp'n at 3-4.  However, even assuming service was proper, Rule 55(c) culpability still turns on whether Defendant intentionally failed to respond.  Defendant admits its registered agent was served on September 8, 2025, and the agent forwarded the summons and complaint by regular U.S. mail to its forwarding address in Los Angeles, California.  Cruz Decl. ¶¶ 2, 5.  Around that time, however, the office administrator who normally checked and routed the Los Angeles office mail had moved from a full-time position to a remote, part-time position.  *Id*. ¶ 3.  As a result, Defendant's registered agent forwarded the complaint and subsequent court notices in the mail, but none were opened or reviewed internally, and they were not escalated to Defendant's legal department in time to respond.  *Id*. ¶¶ 2–4.

Defendant states it first learned of this case on December 3, 2025, when its legal department discovered it while reviewing the online docket for an unrelated matter.  *Id.* ¶ 5.  That same day Defendant had someone check the mail at the Los Angeles office where a substantial

backlog of unopened mail was discovered, including the summons, complaint, and subsequent court notices in this matter.  *Id*. ¶ 4.  These materials were then forwarded for legal review.  *Id*. Defendant states it has updated its registered agent's forwarding instructions and address to prevent this process breakdown from recurring.  *Id*. ¶¶ 7, 11.

The Court finds this evidence establishes that Defendant's conduct was not culpable, as its failure to respond resulted from a breakdown in mail forwarding and review, not a "devious, deliberate, willful, or bad faith failure to respond."  *Mesle*, 615 F.3d at 1092; *see also Smith v. Santa Cruz Cnty.*, 2023 WL 3688096, at *3 (N.D. Cal. May 26, 2023) ("There is no evidence here that Defendant's neglect—for there was clearly neglect—was the result of a malicious effort to thwart Plaintiffs' prosecution of this case or the judicial process more generally.").  Accordingly, given that "judgment by default is a drastic step appropriate only in extreme circumstances," *Mesle*, 615 F.3 at 1091, the Court finds Defendant's conduct was not culpable.

**B.      Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy."  *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default.  Rather, that question would be the subject of the later litigation."  *Id.* (cleaned up).  This test is to be liberally construed under Rule 55(c).  *Id.* at 1091 n.1.

For the purpose of setting aside default, the Court finds Defendant has shown it has potentially meritorious defenses, including whether Plaintiff provided permission to be contacted, whether it contacted Plaintiff using an automatic telephone dialing system, and whether it implemented reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations.  *See* Mot. at 6-7.  Plaintiff contends Defendant's arguments have no merit because his version of the facts show otherwise.  Opp'n at 4-5.  However, Plaintiff's position would have the Court resolve disputed merits arguments now, and those questions are "the subject

of the later litigation." *Mesle*, 615 F.3d at 1094 (cleaned up).  In view of the minimal burden facing Defendant at this stage, the Court finds it has satisfied this factor.

**C.      Prejudice**

Prejudice results when the "plaintiff's ability to pursue his claim will be hindered." *Smith*, 2023 WL 3688096, at *3 (quotations and citation omitted).  It "must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3 at 1095 (quoting *TCI Group*, 244 F.3d at 701).

Plaintiff argues Defendant's delay prejudiced him because "[a]s pro se, I incurred $502 costs (filing/service) and hours preparing filings.  Reopening forces merits litigation, delaying remedy for invasions of privacy." Opp'n at 5.  However, Plaintiff would have incurred these costs regardless of whether Defendant appeared prior to entry of default, and the cost of litigating "is simply not cognizable under [the] prejudice factor." *TCI Group*, 244 F.3d at 701.  While Plaintiff argues he faces prejudice because "[r]eopening forces merits litigation," Opp'n at 5, "merely being forced to litigate on the merits cannot be considered prejudicial" because a plaintiff would have had to do so anyway had there been no default.  *TCI Group*, 244 F.3d at 701; *see also Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1005 (N.D. Cal. 2015) ("[T]he fact that a party may be denied a quick victory is not sufficient to deny relief from entry of default.") (citing *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir. 2000)).  Rather, the delay "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (9th Cir. 1996)).  None of these have been shown here.

Given the balance of factors and the importance of resolving a case on its merits, the Court finds that prejudice would be minimal in this case.  As Defendant has now appeared and is ready to proceed with litigating the merits of the case, the Court finds this factor weighs in favor of setting aside default.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to set aside default.  Plaintiff's motion for default judgment (ECF No. 11) is therefore **DENIED WITHOUT**

United States District Court
Northern District of California

**PREJUDICE**.  Defendant shall file its responsive pleading by February 13, 2026.

**IT IS SO ORDEED.**

Dated: January 30, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge