UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>        Plaintiff,<br><br>    v.<br><br>TA FINTECH, INC.,<br><br>        Defendant. | Case No.  25-cv-07479-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

## I.    INTRODUCTION

Plaintiff Ronald Cupp brings this case against Defendant TA Fintech, Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq.  Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 28.  Plaintiff filed an Opposition (ECF No. 29) and Defendant filed a Reply (ECF No. 30).   The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the April 9, 2026 hearing.  For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.    BACKGROUND

Defendant is a national sales organization of securities trading and training for others under the name of Trade Algo and Trade GPT.  Compl. ¶ 6, ECF No. 1.  Its primary business is selling memberships. *Id.*

Plaintiff alleges that from April 20 through May 16, 2024, Defendant violated the TCPA by texting and calling him "97 times using automatic telephone dialing system on Plaintiffs [sic]

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 2, 19.

emergency cell phone 707-318-9929, with no prior express consent or permission given by Plaintiff." *Id.* ¶ 8. Plaintiff "immediately revoked any perceived consent, thru emails, calls, and texts from Defendant, plaintiff has instructed (Luke Russell) through Email, phone (Rob, Seth, and another man), and by calling Corporate Office in New York and the Agent in DE. to stop calling and texting." *Id.* ¶ 9. He states he "was told verbally and through text messages that he would be removed from the 'call list'. But call/text continued to bombard Plaintiff." *Id.* On May 6, 2024, Plaintiff sent to Defendant "via certified mail a notice of intention to commence action," but Defendant did not respond. *Id.* ¶ 14.

Plaintiff filed this case on September 4, 2025, bringing one claim for violation of the TCPA. *Id*. ¶¶ 19-25. Defendant filed the present motion on February 13, 2026.

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

2

678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.    DISCUSSION

The TCPA makes it unlawful for any person to make a call (other than for emergency purposes) using any automatic telephone dialing system (ATDS) or an artificial or prerecorded voice made without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). To make a claim under the TCPA, a plaintiff must show: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

The Court finds Plaintiff has adequately pled the first element, as he alleges Defendant called and texted his cell phone 97 times. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (a text message is a "call" for purposes of the TCPA). However, the second and third elements are disputed.

Defendant argues Plaintiff's claim fails because he does not adequately allege it used an ATDS to call him. Mot. at 3-5. The Court agrees. The TCPA defines ATDS as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1); *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) ("To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.");

3

*Borden v. eFinancial, LLC*, 53 F.4th 1230, 1234 (9th Cir. 2022) ("[A]n autodialer must randomly or sequentially generate and dial a telephone number."). A plaintiff "need not somehow have inside knowledge of a defendant's operations and equipment to survive dismissal under Rule 12(b)(6), rather, he or she merely must proffer factual allegations that support a reasonable inference that an ATDS was used." *Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, 2017 WL 733123, at *8 (N.D. Cal. Feb. 24, 2017) (citing *Brown v. Collections Bureau of Am., Ltd.*, 183 F. Supp. 3d 1004, 1005 (N.D. Cal. 2016)).

In his complaint, Plaintiff does not allege random or sequential number generation. Plaintiff does not allege Defendant's equipment generated telephone numbers at all, much less randomly or sequentially. Instead, Plaintiff asserts Defendant "violated the TCPA by texting and calling Plaintiff 97 times using automatic telephone dialing system," Compl. ¶ 8, and recites statutory language in support of this allegation, *id.* ¶¶ 10–11. That is the exact kind of conclusory pleading *Twombly* and *Iqbal* reject. *See Borden*, 53 F.4th at 1233–36 (affirming dismissal where allegations did not plausibly support ATDS use under *Duguid*); *Cupp v. ABC-Amega, Inc.*, 2025 WL 932970, at *2 (N.D. Cal. Mar. 26, 2025) (granting motion to dismiss Cupp's TCPA claim where he alleged the defendants used an ATDS without additional factual support); *Patton v. CBC Settlement Funding, LLC*, 2022 WL 22972603, at *2–3 (C.D. Cal. Nov. 17, 2022) (granting motion to dismiss where ATDS allegations were conclusory and did not plausibly allege random or sequential number generation).

In his opposition, Plaintiff attached screenshots of a log he created with the dates and times of the alleged calls/texts (Ex. A) and screenshots of text messages (Ex. B). He argues: "These are exactly the kind of circumstantial facts courts treat as sufficient to infer automated equipment." Opp'n at 7. However, courts "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Plaintiff himself acknowledges that such extrinsic evidence is improper at this stage. *See* Opp'n at 8 ("On a Rule 12(b)(6) motion, the Court is limited to the complaint, documents incorporated by reference, and judicially noticeable materials."). As Plaintiff did not include these exhibits as part of his complaint, the Court may not consider them at this stage.

As the Ninth Circuit has recognized, "[w]hile we all wish for fewer calls and messages from marketers, [the Court is] limited to the bounds of the TCPA." *Borden*, 53 F.4th at 1236. Thus, where the pleaded facts do not plausibly support the random or sequential number generation requirement, dismissal must follow. *See Cupp v. ABC-Amega, Inc.*, 2025 WL 932970, at *2 ("Without additional factual support, the Court must conclude that Cupp has not adequately pleaded an ATDS was used."). Plaintiff fails to plead the second element of a TCPA claim, and the Court therefore need not reach the issue of whether he consented to the calls to determine dismissal of the complaint is appropriate. Accordingly, the motion to dismiss is **GRANTED**.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND** solely for the purpose of adding allegations related to his TCPA claim. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (A plaintiff may amend a complaint only to allege "other facts consistent with the challenged pleading."). Any amended complaint must be filed by April 27, 2026.

Plaintiff may wish to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at:
https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: March 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

5