Alex Terepka (SBN 288243)
alex@wtlaw.com
WATSTEIN TEREPKA LLP
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: 213-839-3317

Rebecca Rhym (*pro hac vice*)
rrhym@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, GA 30309

*Counsel for Defendant TA Fintech, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP, | CASE NO: 3:25-cv-07479-TSH |
| Plaintiff, | **DEFENDANT TA FINTECH, INC.'S NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| TA FINTECH, INC., | |
| Defendant. | |
| | **Judge: Thomas S. Hixson** |
| | First Amended Complaint Filed: April 13, 2026 |
| | **Hearing Date:** June 4, 2026 Time: 10:00 a.m. PT Courtroom E – 15th Floor Via Zoom |

**TO THE COURT AND PLAINTIFF:**

PLEASE TAKE NOTICE THAT on June 4, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard via Zoom in the above-entitled court, located at Courtroom E in the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102, Defendant TA Fintech, Inc. moves this Court for an order dismissing the First Amended Complaint ("FAC") for failure to state a claim upon which relief may be granted.

1

TA Fintech brings this motion under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff still does not allege plausible facts giving rise to a violation of the Telephone Consumer Protection Act ("TCPA") premised on TA Fintech's alleged use of an automatic telephone dialing system ("ATDS"), despite being given an opportunity to amend. Instead, his FAC and the exhibits affirmatively show that no ATDS was used.

Because this Court has already found Plaintiff's allegations to be insufficient to state a claim, and because Plaintiff still cannot plead facts sufficient to support any ATDS claim, any further amendment would be futile, and dismissal should be entered with prejudice.

DATED: April 27, 2026

By: /s/ Alex Terepka
Alex Terepka (SBN 288243)
alex@wtlaw.com
WATSTEIN TEREPKA LLP
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: 213-839-3317

Rebecca Rhym (*pro hac vice*)
rrhym@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, GA 30309

*Counsel for Defendant TA Fintech, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction**

This Court dismissed Plaintiff's initial complaint because it did not plausibly allege that TA Fintech used an automatic telephone dialing system ("ATDS"). Order at 3–5, ECF No. 35. The Court gave Plaintiff leave to amend for that purpose. *Id.* at 5. Plaintiff's First Amended Complaint does not cure the deficiency, instead confirming it.

The Court previously held that Plaintiff's sole allegation that Defendant "violated the TCPA by texting and calling Plaintiff 97 times using automatic telephone dialing system" and his recitation of the statutory language of the Telephone Consumer Protection Act ("TCPA") were insufficient to state an ATDS claim under *Twombly* and *Iqbal*. Order at 4. The Court declined to consider the exhibits attached to Plaintiff's opposition brief, ECF Nos. 29-1, 29-2. Plaintiff now incorporates them into the FAC. But their content does not plead an ATDS claim any better than their absence did. In fact, their content rebuts the use of an ATDS, as they show personalized communications directed to Plaintiff, not "random or sequential number generation" as required.

Beyond incorporating those exhibits, ECF Nos. 36-1, 36-2, the FAC adds allegations about message volume, short code numbers, message timing, and substantially similar wording, and then invites the Court to infer from those allegations that TA Fintech used an ATDS. First Am. Compl. ("FAC") ¶¶ 9, 12, 14–17, 30.

Those changes also do not cure the defect the Court identified. The FAC still does not allege that TA Fintech used equipment that "randomly or sequentially" generated Plaintiff's telephone number. That omission is fatal. At most, Plaintiff's new allegations suggest automated or list-based messaging. But the TCPA's ATDS provision does not prohibit automated calls or texts. That is the exact position the Supreme Court rejected in unanimously reversing the Ninth Circuit and ruling that the TCPA reaches only equipment that *uses a random or sequential number generator* to store or produce the telephone numbers themselves. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021). And the Ninth Circuit has since confirmed that only such calls—not automated calls generally—are subject to the TCPA's ATDS provision. *Borden v. eFinancial,*

CIVIL ACTION NO. 3:25-cv-07479-TSH
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

*LLC*, 53 F.4th 1230, 1234 (9th Cir. 2022). Plaintiff's amended allegations still miss that distinction, and inviting the Court to draw the inference doesn't discharge Plaintiff's obligation to plead enough factual detail to raise the ***reasonable*** inference that an ATDS was used. Order at 4 (quoting *Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, 2017 WL 733123, at *8 (N.D. Cal. Feb. 24, 2017)).

Because Plaintiff still has not alleged facts plausibly showing use of an ATDS as defined by controlling law, the FAC fails for the same reason as the original. This is Plaintiff's second try, but his own allegations affirmatively rebut random or sequential number generation. He alleges only that he did not consent to the "volume and pattern" of contacts—not that TA Fintech generated his number randomly or sequentially—which instead suggests that TA Fintech contacted a known, preexisting number already associated with Plaintiff. No amendment can cure that deficiency. The Court should dismiss with prejudice.

## II.     Legal Standard

A complaint must contain enough factual content to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility is not a probability requirement, but it demands more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts accept well-pleaded facts as true, but they do not accept "labels and conclusions," "formulaic recitations," or legal conclusions "couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–79. Nor do the federal rules "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Rogers v. Postmates Inc.*, 2020 WL 1032153, at *5 (N.D. Cal. Mar. 3, 2020) (Hixson, M.J.) (quoting *Iqbal*, 556 U.S. at 678–79). So, to plead a claim under 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must plausibly allege that the defendant called or texted a cellular telephone number using an ATDS without prior express consent; he cannot merely plead ATDS use and demand discovery to find out if the functionality actually exists. *See id.*; *see also Armstrong v. Inv.'s Bus. Daily, Inc.*, 2018 WL 6787049, at *10 (C.D. Cal. Dec. 21, 2018).

Leave to amend is not automatic. Courts dismiss without leave to amend where amendment would be futile. *Rogers v. Postmates Inc.*, 2020 WL 3869191, at *8 (N.D. Cal. July 9, 2020) (Hixson, M.J.) (dismissing TCPA claim with prejudice where plaintiff could not plausibly allege facts suggesting vicarious liability); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Blackman-Baham v. Kelly*, 2017 WL 3215350, at *3–6 (dismissing each of the pro se plaintiff's amended claims with prejudice where the plaintiff was "given an opportunity to amend" but still failed to "cure[] the[] defects").

## III.     Argument: The FAC Still Does Not Allege That TA Fintech Used a Random or Sequential Number Generator, and No Amendment Can Cure That Deficiency

Plaintiff's First Amended Complaint fails to state an ATDS claim because, despite adding allegations about message volume, timing, short codes, and similar content, Plaintiff still does not allege—much less plausibly—that TA Fintech used equipment that randomly or sequentially generated the telephone numbers it dialed. Instead, the FAC alleges, at most, automated outreach to a known, preexisting number. That misses the mark.

To state a claim under 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must plausibly allege use of an "automatic telephone dialing system," which means equipment with the capacity "to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021). As the Ninth Circuit has emphasized, *Duguid* "underscores that an autodialer must randomly or sequentially generate *and* dial a telephone number." *Borden*, 53 F.4th at 1234 (emphasis added).

Measured against that standard, the FAC still falls short. Plaintiff now alleges that TA Fintech called or texted him "at least 105" times, used short code numbers, sent messages "at approximately the same times of day," and used "substantially similar or templated wording." FAC ¶¶ 9, 12, 14–15. He further alleges that TA Fintech used "automated equipment to send the text messages and place the calls" rather than "one-off, individually typed, person-to-person communications." *Id.* ¶ 30. But none of those allegations addresses the statutory question:

3

whether TA Fintech used equipment that randomly or sequentially generated Plaintiff's telephone number. *Duguid* expressly rejected the notion that a system qualifies as an ATDS because it "merely stores and dials telephone numbers" automatically, 592 U.S. at 401, 405–06, and courts have repeatedly rejected similar claims post-*Duguid*. *See, e.g.*, *Brickman v. Facebook, Inc.*, 2021 WL 4198512, at *3 (N.D. Cal. Sept. 15, 2021), *aff'd sub. nom. Brickman v. United States*, 56 F.4th 688 (9th Cir. 2022) ("When a defendant randomly makes calls from a curated list, it is not randomly or sequentially generating phone numbers."); *Meier v. Allied Interstate LLC*, 2022 WL 171933, at *1 (9th Cir. Jan. 19, 2022) (holding that a system "does not qualify as an ATDS merely because it stores pre-produced lists of telephone numbers in the order in which they are uploaded").

*Borden* controls here. There, the Ninth Circuit rejected the argument that a system qualifies as an ATDS because it uses a random or sequential process to determine the order in which numbers from a stored list are contacted. 53 F.4th at 1232–33, 1235. As *Borden* explained, "[u]sing a random or sequential number generator to select from a pool of *customer-provided* phone numbers" is not the same as using a number generator to generate those telephone numbers in the first place and "would not cause the harms contemplated by Congress." *Id.* at 1235 (emphasis added); *see also Austria v. Alorica, Inc.*, 2021 WL 5968404, at *6 (C.D. Cal. Dec. 16, 2021) (collecting cases) ("This Court joins these courts in finding that a system that selects phone numbers from a prepopulated list does not constitute an autodialer where the prepopulated list was not itself generated using a random or sequential number generator, even if the phone number selection process itself involves a random or sequential number generator."); *Patton v. CBC Settlement Funding, LLC*, 2022 WL 22972603, at *3 (C.D. Cal. Nov. 17, 2022) (no ATDS claim where the plaintiff only alleged that the voicemail messages at issue "sounded virtually identical" and lasted the same amount of time but otherwise failed to allege "additional details about the calls to suggest to the Court that an ATDS was used"); *Eggleston v. Reward Zone USA, LLC*, 2022 WL 886094, at *4 (C.D. Cal. Jan. 28, 2022), *aff'd sub nom. Trim v. Reward Zone USA LLC*, 2023 WL 5043724 (9th Cir. Aug. 8, 2023) ("[E]quipment is only an autodialer if it uses a number

generator to generate the phone numbers themselves – not if the number generator is used merely to index the phone numbers or select phone numbers from that index."). Simply alleging that Defendant "stored" numbers (or sent mass texts), *see* FAC ¶ 17, does not plausibly state a claim that the numbers were stored using a random or sequential number generator, as *Duguid* requires.

Plaintiff's own allegations likewise suggest TA Fintech's contacts were not random. He alleges that he may have provided consent. *Id.* ¶¶ 20–21, 31. He then claims that he "did not provide prior express consent to receive *the volume and pattern* of promotional text messages and calls at issue here." *Id.* ¶ 19 (emphasis added). But that allegation is beside the point because the TCPA does not govern the volume or pattern of calls or texts. Taken as true, the allegation does nothing to support an ATDS claim. If anything, it suggests the reality that Plaintiff's number was already known to TA Fintech and that his complaint is about the **quantity** of communications he received, not the manner in which his number was generated.

That is fatal under *Duguid* and *Borden*, because the relevant inquiry is whether the system randomly or sequentially generated the telephone number itself—not whether it sent repeated communications to a known number. "[W]hen a plaintiff provides their number—which is the only logical explanation in this case—a TCPA claim does not lie—even if the plaintiff claims that the defendant used an autodialer." *Mehl v. Green*, 2022 WL 4056269, at *5 (E.D. Cal. Sept. 2, 2022), *R&R adopted*, 2022 WL 4473243 (E.D. Cal. Sept. 26, 2022). The FAC thus not only fails to plead random or sequential number generation; it affirmatively points toward communications directed at a specific, known number.

Plaintiff's incorporated exhibits confirm the point. ECF Nos. 36-1, 36-2. At most, they suggest automation and list-based outreach, but they do not plausibly suggest that TA Fintech used a random or sequential number generator to generate the telephone numbers called. The exhibits also do something far more problematic for Plaintiff: they identify specific individuals who allegedly contacted Plaintiff. *See* ECF No. 36-1; ECF No. 36-2 at 100–02. And they show messages personally directed at Plaintiff. ECF No. 36-2 at 8–10, 12, 100–02. That kind of outreach directly contradicts any speculation that TA Fintech used equipment that randomly or

sequentially generated Plaintiff's number. *See Cupp v. ABC-Amega, Inc.* ("*ABC-Amega I*"), 2025 WL 932970, at *2 (N.D. Cal. Mar. 26, 2025) (dismissing Plaintiff's similar ATDS claim where the "reasonable inference drawn from the factual allegations in the complaint suggests . . . that the phone calls Cupp received were made by live operators seeking to speak with Cupp specifically").

Where, as here, the complaint incorporates exhibits, the Court need not accept allegations that are contradicted by those exhibits. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). And where, as here, "a plaintiff's own allegations suggest direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS, courts conclude that the allegations are insufficient to state a claim for relief under the TCPA." *ABC-Amega I*, 2025 WL 932970, at *2 (internal quotation marks and citations omitted).

The Court gave Plaintiff leave to amend for the specific purpose of adding viable ATDS allegations. *See* Order at 3–5. He has not done so. Plaintiff is also an experienced litigant and has had ample notice from his prior case of what an ATDS claim requires. *See ABC-Amega I*, 2025 WL 932970, at *3; *Cupp v. ABC-Amega*, 2025 WL 2807312, at *2 (N.D. Cal. Oct. 2, 2025) (dismissing Plaintiff's ATDS claim with prejudice where his amended complaint "suffers the same deficiencies as the initial complaint").

But this is not simply a case where an experienced plaintiff failed to plead enough, twice. It's a case where Plaintiff's own allegations and exhibits have now established that TA Fintech contacted a specific, known telephone number—the opposite of random or sequential number generation. That deficiency is not a drafting problem that further amendment could fix. It is a factual one: the circumstances Plaintiff describes do not plausibly fall within the ATDS definition. This Court should dismiss with prejudice. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (no abuse of discretion in denying leave to amend where the amendment would be futile).

**IV.   Conclusion**

For the foregoing reasons, the Court should dismiss Plaintiff's FAC with prejudice.

DATED: April 27, 2026

By: /s/ Alex Terepka
Alex Terepka (SBN 288243)
alex@wtlaw.com
WATSTEIN TEREPKA LLP
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 839-3317

Rebecca Rhym (*pro hac vice*)
rrhym@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, GA 30309

*Counsel for Defendant TA Fintech, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2026, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system. Further, I have caused a true and correct copy of the foregoing to be served upon pro se Plaintiff Ronald Cupp via certified U.S. mail, postage pre-paid as follows:

Ronald Cupp
150 Raley Town Center, Suite 2512
Rohnert Park, CA 94928
Ronc2009@gmail.com

*/s/ Alex Terepka*
Alex Terepka

CIVIL ACTION NO. 3:25-cv-07479-TSH
CERTIFICATE OF SERVICE